99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee
v.
Carlos PEREZ, Defendant-Appellant.
 No. 95-1259.
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 APPEARING FOR APPELLANT: GREGORY COOPER, New York, NY.
 APPEARING FOR APPELLEE: SHARON COHEN LEVIN, Assistant United States Attorney for the Southern District of New York.
 S.D.N.Y.
 AFFIRMED.
 Before FEINBERG, JACOBS and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Defendant Carlos Perez appeals from his conviction in the United States District Court for the Southern District of New York (Schwartz, J.) for heroin possession with intent to distribute, in violation of 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2. On appeal, Perez contends that (1) the search warrant used in this case failed the particularity requirement under the Fourth Amendment, and (2) the district court erred in refusing Perez' proposed jury charge. For the reasons set forth below, we affirm Perez' conviction.
 
 
 4
 On March 23, 1993, the Magistrate Judge issued a search warrant for the "3[rd] Floor Apartment" of 1234 Intervale Avenue, Bronx, New York, based on the affidavit of Detective Thomas Selvaggi, a detective in the New York City Police Department with the New York Drug Enforcement Task Force (the "NYDETF"). According to the affidavit, a confidential informant said that heroin was packaged at this location, and that recently he had personally observed heroin and heroin packaging there. The affidavit further indicated that this confidential informant had been reliable in the past. A check of utilities records for the third floor showed a non-working telephone line in one name and electrical use subscribed in another name.
 
 
 5
 On March 29, NYDETF officers executed the search warrant. The officers found Perez in one room on the third floor, plus four glassine envelopes with white powder and a bullet-proof vest in a dresser in that room. Prior to discovery of the glassines by officers on the third floor, an officer outside the building saw a white plastic bag fall from a third floor window corresponding to Perez' room. The bag had 480 glassine envelopes containing a white powder, several of which later tested positive for heroin. Perez was arrested.
 
 
 6
 On April 12, 1993, Perez was indicted on one count of possessing heroin with intent to distribute. Prior to trial, Perez moved to suppress the items seized in the search, contending that the warrant did not satisfy the particularity requirement of the Fourth Amendment. In an order dated July 18, 1994, the district court denied the motion. In the order, the court below assumed that the third floor contained six different apartments.
 
 
 7
 At trial, Perez proposed a jury instruction as follows:
 
 
 8
 [B]ased upon the presumption of innocence and the prosecution's burden of proving the defendant guilty beyond a reasonable doubt, that if there are two inconsistent inferences that can be drawn from the same set of facts, the defendant is entitled to the benefit of that inference and not the government.
 
 
 9
 The district court refused to use this proposed instruction.
 
 
 10
 Perez was found guilty, and judgment was entered on April 27, 1995.
 
 
 11
 Perez's first argument on appeal is that the district court erred in denying the motion to suppress, because the search warrant did not describe with sufficient particularity the premises to be searched. Specifically, Perez charges that the officers applying for the warrant possessed facts that should have prompted them to inquire further into whether the third floor was subdivided into multiple units. Had they so investigated, Perez reasons, the agents would have realized that there were six different "apartments" on the third floor, forcing them to specify which apartment or apartments should be searched.
 
 
 12
 Under the Fourth Amendment, a search warrant must "particularly describ[e] the place to be searched." U.S. Const. amend. IV. The constitutionality of the warrant must be evaluated "in light of the information available" to the authorities "at the time they acted." Maryland v. Garrison, 480 U.S. 79, 85 (1987). Officers have a duty to make reasonable investigation to discover and disclose information to the Magistrate Judge issuing the warrant regarding an accurate description of the search site. See id. at 85-86 & n. 10.
 
 
 13
 We agree with the district court that it was reasonable for the officers to believe that the third floor of 1234 Intervale Avenue was not subdivided into separate units, and therefore that the particularity requirement under the Fourth Amendment was not violated. Perez concedes that 1234 Intervale Avenue is a private dwelling and looks like a single-family residence from the outside. He also concedes that the third floor consists of six rooms (each with its own lock), a common kitchen, and a common bathroom. The public utility check revealed that a non-working phone line was in one name, and that electrical use was billed to another name; those records did not indicate that the floor was subdivided.
 
 
 14
 In addition to rejecting Perez' claim that the search warrant was invalid when issued, we reject his claim that the search was illegal in its execution, because the officers knew or should have known upon entering the third floor that it was subdivided into smaller apartments. Garrison, 480 U.S. at 86-87. Perez asserted in his affidavit for the motion to suppress that the rooms on the third floor were separately numbered and were obviously separate dwellings to the officers executing the warrant; yet, Perez offered no evidence for either of these contentions. The officers reasonably believed that a third floor of a house consisting of several locked rooms with a common kitchen and common bathroom was one unit and not six.
 
 
 15
 Perez' second claim on appeal is that the district court erred in refusing to instruct the jury as he proposed regarding inferences. This claim is frivolous.
 
 
 16
 Perez concedes that his proposed charge is a variation of the "two-inference" language disapproved by this Court in United States v. Khan, 821 F.2d 90, 92-93 (2d Cir.1987). We said unequivocally that "trial judges should not include any variation of the 'two-inference' language in their charge." Id. at 93 (emphasis added).
 
 
 17
 Perez' claims that Kahn "did not completely reject the 'two-inference' language as patently incorrect." For this he relies on our statement that an instruction saying "that if the jury believes the evidence permits either the inference of innocence or of guilt, the jury should adopt the former, is obviously correct as far as it goes." Kahn, 821 F.2d at 93. The only inference we refer to in that statement, however, is the ultimate conclusion of guilt or innocence; "obviously," if the jury believes both inferences are equally possible, the jury should acquit. We also said in Kahn that "[i]n a charge that properly instructs the jury on reasonable doubt, the 'two-inference' language adds nothing." Id. (internal quotation marks and citation omitted).
 
 
 18
 A defendant is "entitled to a jury charge that accurately reflects the applicable law," but he or she is not entitled to "dictate the precise language of a jury instruction." United States v. Imran, 964 F.2d 1313, 1317 (2d Cir.1992). We have reviewed the actual jury charge that was given by the district court and find that it was proper.